[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties are before the court on various pendente lite motions. The defendant has filed a motion seeking to have the plaintiff contribute to household expenses ($102.00), a motion to restrain and for an accounting regarding proceeds of a motor vehicle settlement ($107.00), and a motion for contempt regarding the same proceeds ($111.00). The plaintiff has filed a motion for temporary alimony and to terminate medical insurance for the defendant and his children, who are not issue of this marriage ($110.00, $110.10). The other pending motions were disposed of summarily, except that there are personal property issues remaining unresolved.
The parties were married in November, 1995 and have no children issue of the marriage. The husband is a self employed building contractor who owns his own construction corporation. During the marriage, the wife handled the books of the corporation, which she maintained at her place of employment. The husband was not involved in the bookkeeping function. In the course of her work, the wife systematically looted the corporation.[1] Over a little more than two years between 1998 and 2000, she wrote corporate checks of $9,773.90 for expenses connected with her personal automobile; $7,558.00 for herself; $18,796.00 to the defendant, nearly all of which were endorsed and cashed by her; and $14,670.00 to her father. Not all of the checks that were written CT Page 5434 appeared in the ledgers she kept. In addition, in violation of the automatic orders entered at the commencement of this case, she transferred to her father $5,000.00 from the proceeds of the personal injury settlement she received. The court does not find credible her claim that the defendant was aware of all of these transactions.
Regarding the motion to restrain and for an accounting, the motion to restrain is denied as moot. However, the plaintiff is ordered to provide within fifteen days a sworn accounting of her expenditures of the sums she received from the personal injury settlement, including both gross receipts prior to the payment of attorney fees, costs, and other expenses, her attorney's disbursement account, and all net receipts to her.
Regarding the motion for contempt, the plaintiff is found to be in willful contempt of the automatic orders for her act of distributing funds from the personal injury settlement in violation of the court's orders. The finding of contempt does not include her payment of $1,000.00 as a retainer to an attorney for this action, which the court finds was not a violation of the orders. The balance 4f the funds received from the personal injury action, including but not limited to sums she paid her father, are ordered to be restored to the marital estate and to be placed in the escrow account of her attorney. Those funds shall not be used by the plaintiff except after further order of the court.
With respect to the plaintiffs motion for temporary alimony and to terminate the husband and his children from her medical insurance, the following orders will enter. The motions are denied, but the defendant is ordered to pay the plaintiff the sum of money for health insurance premiums which is attributable to the premiums for his children. This order is retroactive to the date of the filing of the motion.
With respect to the defendant's motion for contribution to the expenses of maintaining the marital residence, the plaintiff is ordered to contribute $823.33 per month ($191.47 per week) to the maintenance of the marital home. This includes expenses for mortgage and homeowner's insurance, but does not include expenses for utilities. This order is retroactive to the date of the filing of the motion. The arrearage is therefore $6,586.66. Current payments on the arrearage are not ordered at this time, but any arrearage unpaid at the time of judgment will survive the judgment.
The plaintiff is ordered to pay the defendant the sum of $750.00 on account of attorneys fees attributable to the contempt.
The case is ordered to trial. The parties may seek level one and/or CT Page 5435 level two pretrials if they believe that would be beneficial.
 BY THE COURT, Gruendel, J.